IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JORGE BRINGUIER, et. al., | |
| Plaintiffs, | |
| v. | CIVIL NO.: 09-2140 (ADC) |
| AVCO CORP., INC., et. al. | |
| Defendants. | |
| | |
| ZULAIKA RODRÍGUEZ-DELGADO, et. al., | |
| Plaintiffs, | |
| v. | CIVIL NO.: 10-1211 (ADC) |
| AERO INVESTMENT CORP., et. al., | |
| Defendants. | |

**OPINION AND ORDER**

Pending before the court is applicants' motion to intervene under Federal Rule of Civil Procedure ("Rule") 24(b)(1)(B). (D.E. No. 108.) Applicants are the plaintiffs in a separate pending action against defendants Cessna Aircraft Company and Avco Corporation. See Vélez v. Cessna Aircraft Company, 11-1821 (DRD).

Rule 24(b) provides, in pertinent part, that upon "timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The proposed intervenors' claim arises out of the same aviation incident as the instant case and propounds the same theory of liability. (D.E. No. 108, p. 2.) As such, applicants meet this threshold requirement.

Once the Rule 24(b)(1)(B) requirement is met, "the district court can [then] consider almost any factor rationally relevant but enjoys very broad discretion in granting or denying the motion." Dagget v. Comm'n on Governmental Ethics & Election Practices, 172 F.3d 104, 113 (1st Cir. 1999) (citing U.S. Postal Serv. v. Brennan, 579 F.2d 188, 191-92 (2d Cir. 1978)).  One factor that the court must consider is "whether intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

Considering the advanced stage of the instant case, and this court's responsibility to "secure the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1, applicants' motion is denied. The court in case number 11-1821 (DRD) reached the same conclusion in denying applicants' motion to consolidate their case with the instant case (D.E. No. 5 in case 11-1821 (DRD).) ("[J]udicial economy and efficiency would be compromised by consolidating these two cases at this late juncture.")  Indeed, this case has been pending for nearly two years.  (D.E. No. 1.) Discovery is already well under way and is scheduled to conclude on January 31, 2012–a mere three months from now.  (D.E. No. 80.)  Adding new parties at this point would inevitably slow the case's steady progression toward the April 9, 2012 pretrial and settlement conference.[1]

Applicants have presented no countervailing considerations that would justify allowing such delay.  They express concern that they will not be able to participate in an ongoing discovery dispute in the instant case involving plaintiffs' motion to compel defendant Aero Corporation to surrender the wreckage of the plane crash for laboratory testing.  (D.E. No. 108, p. 2; D.E. No. 93)  Applicants contend that their lack of participation will cause "custody of evidence problems."  (D.E. No. 108, p. 2.)  However, there is nothing preventing applicants from making the appropriate requests to the

---

[1] Additionally, the applicants' pending case was filed only three months ago.  (D.E. No. 1 in 11-1821 (DRD.))  No discovery time line has been set nor has a case management order been entered.

court in case number 11-1821 (DRD) in order to preserve the evidence and secure their rights to inspect it.  Further, any decision by this court concerning the discovery dispute between the parties in this case will not bind or prejudice the rights of the parties in case number 11-1821 (DRD).  All of the appropriate discovery mechanisms are available to the applicants, which they may use to ensure their inspection of the wreckage.

Applicants additionally contend that defendants' response to the motion to intervene (D.E. No. 110) did not show how they would be harmed if intervention is allowed, and thus request leave to file a reply.  (D.E. No. 114.)  As defendants already stated in their response in opposition, their rights to a speedy adjudication of the instant action would be prejudiced by the delay that intervention would cause.  (D.E. No. 110, p. 2.)

Therefore, applicants' motions to intervene (D.E. No. 108) and for leave to file a document (D.E. No. 114) are hereby DENIED.

IT IS SO ORDERED.[2]

In San Juan, Puerto Rico, this 21st day of October, 2011.

s/Marcos E. López
U.S. Magistrate Judge

---

[2] There is a split of authority as to whether a motion to intervene is a nondispositive matter within the meaning of Federal Rule of Civil Procedure 72(a).  Compare United States v. Certain Real Prop. & Premises, et. al.,751 F. Supp. 1060 (E.D.N.Y. 1989) (treating motion to intervene as nondispositive), with Miss. Power & Light Co., 621 F. Supp. 718 (S.D. Miss. 1985) (treating motion to intervene as dispositive).  See also Oakland County, et. al. v. Fed. Nat'l Mortg. Assoc., C.V. No. 11-12666, 2011 WL 4374252, *8 n.1 (E.D. Mich. Sept. 20, 2011) (noting split).  It appears that the First Circuit has not addressed this question.  The order on the present motion will not dispose "of a party's claim or defense," Fed. R. Civ. P. 72(a), because applicants will still have their claims adjudicated in the separate action they have already filed.  See Docket No. 11-1821 (DRD).  Therefore, the undersigned treats this as a nondispositive motion.